United States District Court
Southern District of Texas
**ENTERED**
June 29, 2016
David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ALVARO SANCHEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B: 15-155 |
| | § | |
| WILLIAM STEPHENS, ET AL., | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On August 26, 2015, Plaintiff Alvaro Sanchez, a prisoner in a Texas state jail,[1] filed a civil rights complaint against Defendants Texas Department of Criminal Justice Correctional Institution Division Director William Stephens, Cameron County Judge Carlos Cascos[2], Cameron County clerk's office employee Jose Cobarrubias, Cameron County Sheriff Omar Lucio, correctional officer Felix Moreno, Dr. James Fitz, attorney Noe Robles, and Warden Matt Barber. Dkt. No. 1. Sanchez also filed a motion to proceed in forma pauperis. Dkt. No. 2.

On December 10, 2015, the Court denied the motion to proceed in forma pauperis, on the basis that Sanchez's repeated dismissal of his prior lawsuits statutorily barred him from proceeding in forma pauperis. Dkt. No. 6, citing 28 U.S.C. § 1915(g).

The Court has an independent obligation to review Sanchez's claims. 28 U.S.C. § 1915(e)(2). After conducting this review, it is recommended that Sanchez's complaint be dismissed for failure to state a claim upon which relief can be granted, or alternatively, for failure to timely pay the required filing fee.

---

[1] It appears that Sanchez has since been released from incarceration. Dkt. No. 4. His release does not moot his civil rights claims. Cruz v. Estelle, 497 F.2d 496, 499 (5th Cir. 1974).

[2] Stephens was sued in his official capacity, as was Cascos. Dkt. No. 1, p. 3. Stephens has been succeeded by Lorie Davis; Cascos was succeeded by Pete Sepulveda. Pursuant to FED. R. CIV. P. 25(d), Davis and Sepulveda are substituted as the proper defendants. Given the absence of merit as to any of Sanchez's claims, the change is largely academic.

## I. Background

Sanchez's complaint, at best, is difficult to follow and rambling.  Nevertheless, the Court interprets his complaint to assert three overarching claims.  Each is summarized as follows:

### A. Good Time Credits

Sanchez asserts that Stephens, Sepulveda, Lucio, and Robles[3] denied Sanchez good time credits that he was entitled to. Dkt. No. 1.  Sanchez does not explain in this petition why he was entitled to the good time credits, other than he appears to allege that one of his criminal judgments incorrectly calculated those credits.   Nor does Sanchez provide any factual basis  showing what the defendants did to deny him the good time credits.

### B. Retaliation

Sanchez also alleges that Moreno, a correctional officer, unlawfully retaliated against him by bringing a disciplinary case against him merely because Sanchez "ask[ed] for his name when trying to get [a] pass for law library and step 1 grievance." Dkt. No. 1.  In a related claim in this case, Sanchez also asserts he was denied access to the law library by Moreno and Barber.

### C. Deliberate Indifference

Sanchez alleges that Dr. Fitz failed to continue prescribing a medication that had been previously prescribed to Sanchez; that Dr. Fitz gave him a different medication; and, that despite Sanchez's requests, Dr. Fitz performed no medical tests to determine Sanchez's ailments.  Sanchez also alleges that the Cameron County medical department "denied my new exact replacement glasses bi-focals . . . when my family brought them." Dkt. No. 1.

---

[3] Robles appears to have been Sanchez's attorney at some point in the proceedings that resulted in his incarceration.  The Court notes that defense counsel is not a state actor for purposes of § 1983. Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 679 (5th Cir. 1988). Given this status, defense counsel is not properly a defendant in this action. Id.  Given the ultimate result in this case, Robles's status does not affect the outcome.

### D. Procedural History

On August 26, 2015, Sanchez filed the instant § 1983 civil rights complaint against the Defendants. Dkt. No. 1.  Sanchez also filed a motion to proceed in forma pauperis. Dkt. No. 2.

On December 10, 2015, the Court denied the motion to proceed in forma pauperis, on the basis that repeated dismissal of Sanchez's prior lawsuits statutorily barred him from proceeding in forma pauperis. Dkt. No. 6, citing 28 U.S.C. § 1915(g).  The Court ordered Sanchez to fully pre-pay the filing fee no later than January 15, 2016. Id.

On January 15, 2016, Sanchez filed a request with the Court that his case not be dismissed and that he be permitted to pay the filing fee in installments. Dkt. No. 10.  No payments have yet been made.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979).  To prevail upon a § 1983 claim a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

3

As it relates to the claims for good time credit, Sanchez was a convicted prisoner at the time of the incidents in question.  While the Fourteenth Amendment protections safeguard pre-trial detainees, the Eighth Amendment's cruel and unusual punishment clause applies to post-trial prisoners. Bell v. Wolfish, 441 U.S. 520, 536 n.16 (1979).  The protection afforded each class of individuals is, for present purposes, the same. Gautney v. King, 252 F.3d 435 (5th Cir. 2001) (unpubl.) ("[T]he same standards are used to analyze claims under either the Eighth or the Fourteenth Amendment." (citing Hare v. City of Corinth, Miss., 135 F.3d 320, 324 (5th Cir. 1998)).  Accordingly, the Court will examine Sanchez's claims against TDCJ under the Eighth Amendment.

**B. Section 1915**

As relevant here, 28 U.S.C. § 1915 provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
(A) the allegation of poverty is untrue; or
(B) the action or appeal--
(I) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(emphasis added).  See Hutchins v. McDaniels, 512 F.3d 193, 195 (5th Cir. 2007) (dismissal of frivolous in forma pauperis complaint is proper).

Dismissal under § 1915(e)(2)(B)(ii) – for failure to state a claim upon which relief can be granted – is judged by the same standard as a motion to dismiss under FED. R. CIV. P. 12(b)(6). Rhine v. City of Mansfield, 499 Fed. App'x. 334, 335 (5th Cir. 2012) (unpubl.) (citing Black v. Warren, 134 F.3d 732, 734 (5th Cir. 1998)).

A civil litigant does not have a right to proceed in forma pauperis; "it is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious." Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988) (quoting Startti v. U.S., 415 F.2d 1115, 1116 (5th Cir. 1969)).  "A complaint is frivolous if it lacks an arguable basis in law or fact."

4

Black v. Warren, 134 F.3d at 733.

### C. Rule 12(b)(6)

"Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege 'enough facts to state a claim to relief that is plausible on its face' and fails to 'raise a right to relief above the speculative level.' " Nationwide Bi-Weekly Admin., Inc. v. Belo Corp., 512 F.3d 137, 140 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The Supreme Court has further defined the Twombly standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " Id. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Dismissal for failing to state a claim upon which relief can be granted is a dismissal on the merits and with prejudice. Memon v. Allied Domecq QSR, 385 F.3d 871, 874 n. 6 (5th Cir. 2004).

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

### D. Want of Prosecution

A district court may sua sponte dismiss an action for failure to prosecute or to comply with any order. FED. R. CIV. P. 41(b); McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th

Cir. 1988). Generally, such dismissals are without prejudice.

The statute of limitations, however, may serve to prevent a litigant from re-filing a case after it has been involuntarily dismissed for failure to comply with a court order. "Where further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice." Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1191 (5th Cir. 1992). Under those circumstances, a dismissal without prejudice is considered to be a dismissal with prejudice. Id.

A case may be dismissed with prejudice for want of prosecution only if there is "a clear record of delay or contumacious conduct by the plaintiff" and lesser sanctions would not prompt diligent prosecution, or lesser sanctions have been employed and have been futile. Berry, 975 F.2d at 1191. Generally, one of three aggravating factors is present in a dismissal with prejudice: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." Id.

## III. Analysis

Affording Sanchez the latitude required for a pro se litigants, neither the record – nor the law – support his claims.

### A. Good Time Credits

Sanchez has sued several defendants over the loss of credits for time served. Dkt. No. 1. This claim is foreclosed as a matter of law.

Sanchez's claim attacks the duration of his confinement. Sanchez may not pursue such a claim via § 1983 until he has achieved "favorable termination" of his available opportunities to challenge the duration of his confinement. Muhammad v. Close, 540 U.S. 749, 754-55 (2004); Hatcher v. Collins, 68 F.3d 465 (5th Cir. 1995). "A state prisoner challenging the fact or duration of his confinement who seeks an immediate or accelerated release from confinement must seek habeas relief under 28 U.S.C. § 2254." Sellers v. Haney, No. 15-30632, 2016 WL 2619749, at *1 (5th Cir. May 6, 2016). "Likewise, a prisoner alleging that he is unconstitutionally imprisoned may not recover monetary damages" until

6

he achieves the favorable resolution of his good-time credit claim. Id, citing Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, Sanchez may not proceed with a civil rights claim until the good time credits have been resolved as a matter of law in his criminal case. Sanchez has provided no evidence of such a correction.

Furthermore, even if the claim were not barred, it would still fail. Sanchez's claim essentially boils down to allegations that various defendants failed to notice the error that he is currently complaining about. At no point does Sanchez plead any facts showing willful conduct to deny him good time credits. Mere negligence is "not actionable under 42 U.S.C. § 1983." Noble v. Grimes, 350 F. App'x 892, 893 (5th Cir. 2009) (unpubl.) (citing Daniels v. Williams, 474 U.S. 327, 332-36 (1986)). Accordingly, this claim is meritless and should be dismissed.

### B. Retaliation

Sanchez has asserted that Moreno initiated a disciplinary write up against Sanchez, merely because Sanchez wanted to know his name. Dkt. No. 1. Sanchez has failed to state a claim upon which relief can be granted.

The Court begins by noting that prison retaliation cases are to be "regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995) (quoting Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994)). Clearly, that caution applies in this case.

"To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." McDonald v. Steward, 132 F.3d 225, 231 (5th Cir. 1998).

Sanchez has failed to plead any facts showing that he was engaging in conduct that was protected by a specific constitutional right. Sanchez alleges that he was written up for asking Moreno what his name was. The fact that Sanchez was speaking does not automatically mean that his speech was protected by the First Amendment, regardless of how

much he may insist otherwise.  The Fifth Circuit, observing the limitations on First Amendment protected speech in a prison setting, noted "[c]asual conversation confined to a small social group that is not public speech intended to inform, edify, or entertain the listeners is not protected by the free speech clause." Reyes v. McEachern, 123 F. App'x 150, 151 (5th Cir. 2005) (unpubl.).

Sanchez's request for Moreno to tell him his name was not public speech and was not intended to inform, edify, or entertain the listener.  It was not protected free speech and thus, Sanchez has failed to meet the first element of his claim.  This claim should be dismissed.

Moreover, Sanchez's related claim, that he was not permitted to use the law library, fails to state a claim upon which relief can be granted.  While prisoners have a right to access the courts, they do not have a freestanding right for access to a law library. Lewis v. Casey, 518 U.S. 343, 351 (1996).

In order to sustain a claim that he was denied access to the courts, Sanchez must identify how the denial of access to the law library "hindered his efforts to pursue a legal claim." Id.  A prisoner is required to allege that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered.  Brewster v. Dretke, 587 F.3d 764, 769 (5th Cir. 2009). The prisoner must point to a viable legal issue that he has been hindered in pursuing. Id. Sanchez has failed to point to such an issue.

Sanchez has pled no facts showing that the denial of access to the law library hindered his ability to pursue a non-frivolous legal claim.  Indeed, Sanchez has failed to even identify such issues, let alone point to facts supporting them.  Accordingly, this claim is meritless and should be dismissed.

**C. Deliberate Indifference**

Sanchez alleges that Dr. Fitz was deliberately indifferent to his serious medical needs. This claim, also, should be dismissed.

"A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when his conduct demonstrates deliberate indifference to a prisoner's

8

serious medical needs, constituting an 'unnecessary and wanton infliction of pain.' " <u>Easter v. Powell</u>, 467 F.3d 459, 463 (5th Cir. 2006) (citing <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991)).

Deliberate indifference requires that the prison official be aware of the "substantial risk of serious harm" and deliberately ignore it. <u>Farmer</u>, 511 U.S. at 837. To establish such indifference regarding medical care, a plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." <u>Domino v. Texas Dept. of Criminal Justice</u>, 239 F.3d 752, 756 (5th Cir. 2001) (citing <u>Johnson v. Treen</u>, 759 F.2d 1236, 1238 (5th Cir.1985)). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances." <u>Gobert v. Caldwell</u>, 463 F.3d 339, 346 (5th Cir. 2006). Moreover, even where indifference may be found, the resulting injury must be more than de minimis. <u>Earl v. Dretke</u>, 177 Fed. App'x. 440, 441 (5th Cir. 2006) (unpubl.) (citing <u>Flores v. City of Palacios</u>, 381 F.3d 391, 398 n. 6 (5th Cir. 2004)).

Sanchez has failed to show how any defendant was deliberately indifferent to his serious medical needs. He alleges that Dr. Fitz changed his medications, despite what other doctors had prescribed. He also alleges that Dr. Fitz is "inept[]" and has "many medical board complaints" against him. Even assuming – for purposes of discussion – that such allegations are true, it merely points to possible negligence, or, at worst, medical malpractice. Such claims are not actionable under § 1983. <u>Caldwell</u>, 463 F.3d at 346.

Furthermore, Sanchez has alleged no injuries from either Dr. Fitz changing his medications or from the jail staff not allowing his family to bring him his bi-focals. In order to sustain a deliberate indifference claim, Sanchez must allege an injury that goes beyond a <u>de</u> <u>minimis</u> injury. <u>Flores</u>, 381 F.3d at 398 n. 6. Sanchez has pled no facts, of any sort, to meet this standard. For this reason, the claim is meritless and should be dismissed.

**D. Failure to Pay Filing Fee**

Finally, Sanchez's failure to "comply with any order" of the Court supports dismissal of his claims without prejudice.  As noted earlier, a dismissal without prejudice may, nevertheless, amount to a dismissal with prejudice, if the "statute of limitations prevents or arguably may prevent a party from refiling his case after it has been dismissed." Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981) (quoting Boazman v. Economics Laboratory, Inc., 537 F.2d 210, 213 (5th Cir. 1976) (emphasis added)).  Where there is any doubt as to the effect of the dismissal, the higher standard for dismissal with prejudice should be applied. Collins v. Stalder, 236 Fed. App'x. 29, *1 (5th Cir. 2007) (unpubl.) (citing Boazman, 537 F.2d at 212-13).

Sanchez's complaint does not state when the underlying actions occurred.  Given this failure, the Court is unable to determine whether the statute of limitations would prevent Sanchez from re-filing the complaint.  In an abundance of caution, the Court will consider whether dismissal with prejudice would be justified under the facts presented by this case.

Again, as noted earlier, dismissals with prejudice are justified "only when there is a clear record of delay or contumacious conduct by the plaintiff and the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." Collins, 236 F. App'x at 31.

In this case, Sanchez has had almost six months to pay the filing fee, but has failed to do so.  Not only does this establish a clear record of delay, but – given the duration of the failure – it seems clear that lesser sanctions would not prompt him to pay that fee.  There is no evidence in the record indicating that Sanchez is justified in refusing to pay the filing fee or that he has even attempted to pay the filing fee. Greathouse v. Texas Dep't of Criminal Justice, 379 F. App'x 403, 404 (5th Cir. 2010); see also Merrill v. Perry, 117 Fed. App'x. 382 (5th Cir. 2005) (unpubl.) (stating that dismissal for failure to pay the filing fee was unwarranted when plaintiff claimed that prison officials had not complied with his requests

for the fees to be withdrawn from his prison account).

Thus, the only viable sanction – given both the substance of his claims and the failure to comply with the Court's order to pay the filing fee – is dismissal, irrespective of the characterization of that dismissal. Jackson v. Texas Bd. of Pardons & Paroles, 198 F. App'x 379, 380 (5th Cir. 2006).  Moreover, as set forth earlier, even if Sanchez were allowed to pay the filing fee over an extended period of time, the lack of merit as to each of these claims would result in their dismissal, with or without the filing fee having been paid.

### E. Preclusion Order

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." Dietz v. Bouldin, No. 15-458, 2016 WL 3189528, at *5 (U.S. June 9, 2016).

On three separate occasions, prior to the instant complaint, Sanchez's complaints have been dismissed for failing to state a claim upon which relief can be granted. Sanchez v. Lucio, Civil Case No. 1:08-399, Dkt. No. 19; Sanchez v. Livingston, Civil Case No. 1:09-256, Dkt. No. 65; Sanchez v. Livingston, Civil Case No. 1:10-88, Dkt. No. 33.  Thus, it would seem that Sanchez is using the judicial system as a forum for airing his grievances, no matter how petty, about the perceived injustices of prison life.

As a result of his constant and unsuccessful litigation, he is statutorily precluded from proceeding in forma pauperis. 28 U.S.C. § 1915(g).  Given his penchant for filing civil rights complaints that fail to state a claim upon which relief can be granted – and the resulting expense of the Court's resources to resolve his meritless claims – Sanchez is abusing the litigation process.  Accordingly, it would seem appropriate that the Court issue an order, directing the Clerk of Court to refuse any future civil rights complaints from Sanchez unless he has the prior permission of a judicial officer to file the complaint and includes a full pre-payment of the applicable filing fees.

11

## IV. Recommendation

It is recommended that Alvaro Sanchez's complaint, Dkt. No. 1, be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.  Alternatively, Sanchez's petition should be dismissed for failure to comply with the Court's order to pay the appropriate filing fee.

It is further recommended that the Court issue an order, directing the Clerk of Court to refuse any future civil rights complaints from Alvaro Sanchez unless he has the prior permission of a judicial officer to file the complaint and submits a full pre-payment of the filing fees.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge.  28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009).  Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on June 29, 2016.

Ronald G. Morgan
United States Magistrate Judge

12